**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| RENITA SWANIGAN, | ) | |
| SHARON DUNKLEY, | ) | |
| BETTY ELMORE, | ) | |
| DEBORAH THOMAS, AND | ) | |
| QUINNDOLYN DAVIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case Number:_____ |
| | ) | |
| INDIANA UNIVERSITY HEALTH, INC. | ) | |
| DBA IU HEALTH SAXONY HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiffs, by counsel, Carolyn E. Powers, and file this Complaint and Demand for Jury Trial, stating the following:

**PRELIMINARY STATEMENT**

1. This is an action brought by Renita Swanigan, Sharon Dunkley, Betty Elmore, Deborah Thomas and Quinndolyn Davis. This action seeks damages and injunctive relief resulting from the Defendants' conduct and violations of Renita Swanigan, Sharon Dunkley, Betty Elmore, Deborah Thomas and Quinndolyn Davis' rights under the United States Constitution stemming from an incident that occurred at IU Health Saxony June 29, 2021.

**PARTIES**

2. Plaintiff, Renita Swanigan, is a natural adult person who resides in Marion County, Indiana.

3. Plaintiff, Sharon Dunkley, is a natural adult person who resides in Marion County, Indiana.

1

4. Plaintiff, Betty Elmore, is a natural adult person who resides in Marion County, Indiana.

5. Plaintiff, Deborah Thomas, is a natural adult person who resides in Marion County, Indiana.

6. Plaintiff, Quinndolyn Davis, is a natural adult person who resides in Marion County, Indiana.

7. Defendant, Indiana University Health, Inc. DBA IU Health Saxony ("IU Health"), is a not-for-profit corporation, organized under the laws of the state of Indiana, and maintains its primary place of business in the Southern District of Indiana.

8. IU Health receives federal funds or other federal financial assistance.

## JURISDICTION AND VENUE

9. The Plaintiff herein invokes the Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

10. Venue in the Indianapolis Division of the Southern District of Indiana is appropriate pursuant to 28 U.S.C. § 1391(b), as all of the events which give rise to this action took place within this District.

## FACTUAL ALLEGATIONS

11. Plaintiff, Renita Swanigan ("Ms. Swanigan"), has been a patient of Dr. Leonard Buller who is a duly licensed physician with admitting and practicing privileges at Defendants' hospitals.

12. The remaining Plaintiffs are family members of Ms. Swanigan and were present at the hospital to provide emotional support the day of surgery.

13. All of the named Plaintiffs identify as African-Americans.

14. Ms. Swanigan was scheduled for surgery on June 29, 2021 at 1:30 p.m. at I.U.'s Saxony Hospital, located at 13000 East 136th Street, Fishers, Indiana 46037.

15. Ms. Swanigan was informed by Dr. Buller at the IU Hip and Knee Center and the electronic patient portal to arrive for her scheduled surgery by 12:30 p.m. on June 29, 2021.

16. Ms. Swanigan arrived at the designated location prior to the 12:30 requested time, proceeded to check in with the registration desk and wait to be called.

17. While waiting, Ms. Swanigan inquired at the registration desk whether her family members would be permitted to join her in prayer before she went in for surgery.

18. Ms. Swanigan and her family members were informed curtly that only two (2) people were allowed to "go up" with her.

19. The family members were asking questions of the registration personnel to determine who would be best to accompany her.

20. At this time, they were informed no one would be permitted to go upstairs for the surgery, and staff moved to block the elevator bay.

21. Many other patients and staff were observed utilizing the elevators.

22. Shortly thereafter, a nurse arrived in the waiting room with a wheelchair and called Ms. Swanigan's name to transport her to surgery.

23. Upon hearing her name called, Ms. Swanigan moved toward the elevator.

24. She then observed what appeared to be a human chain of what appeared to be registration staff blocking the elevator bay.

25. Ms. Swanigan was then rudely informed her surgery was cancelled as she arrived after the scheduled time.

26. Ms. Swanigan was extremely confused as she undoubtedly arrived before 12:30, the requested time.

27. At this time, Dr. Buller was called to meet with Ms. Swanigan.

28. Dr. Buller began discussing Ms. Swanigan's private medical information loudly in the hallway with multiple other non-family members present and within earshot.

29. Ms. Swanigan, concerned for her privacy, requested they move to a more private location.

30. The group then moved to the chapel.

31. Upon entering the chapel, Ms. Swanigan inquired as to why she was not going up for her surgery.

32. Dr. Buller then explained the surgery had been cancelled.

33. The staff previously indicated the surgery was cancelled due to Ms. Swanigan's late arrival, however, Dr. Buller implied he himself had changed his mind about performing the surgery in the last minute.

34. Dr. Buller proceeded to apologize for how Plaintiffs were treated and acknowledged that the poor treatment was due to racial bias.

35. Dr. Buller further commented on how this situation never would have happened if they were white women.

36. While the group was conversing with Dr. Buller in the chapel, one family member, Ms. Deborah Thomas, stepped out to use the restroom.

37. At this time, Ms. Thomas observed a police presence and promptly inquired as to why officers where there and was informed they were called to address the situation involving Plaintiffs.

38. Additionally, Ms. Thomas was informed the hospital President was also called to address the "incident."

39. The Defendant's employees' decision to contact the hospital's police force was motivated by racial bias and discrimination against Plaintiffs due to their race.

40. The Plaintiffs did not engage in any conduct that would have warranted law enforcement

4

involvement.

41. Dr. Buller advised Plaintiffs not to return to Saxony and escorted them from the hospital to avoid further harassment and racial discrimination.

42. Ultimately, following an extremely embarrassing situation, and being treated poorly by hospital staff, Ms. Swanigan was denied her scheduled surgery.

43. The Defendant denied Ms. Swanigan health care on the sole basis of racial discrimination and disparate treatment.

44. Ms. Swanigan was denied health care that is otherwise available to members of other races.

45. Congress enacted the Patient Protection and Affordable Care Act ("ACA") to expand access to health care (42 U.S.C. §§ 18001-18122).

46. The ACA contains a key civil rights provision (42 U.S.C. § 18116) prohibiting all health programs and activities receiving federal financial assistance, including medical providers, health systems, and health insurers, from discriminating against individuals on the basis of, *inter alia*, race, or color.

47. Title VI of the Civil Rights Act of 1964 has long prohibited discrimination based on race, color, or national origin in health care programs or other activities that receive federal funds or other federal financial assistance.

48. IU Health's discrimination against Plaintiffs on the basis of their race was knowing and intentional.

49. Ms. Swanigan has suffered and will continue to suffer damages because of the Defendant's unconstitutional acts.

WHEREFORE, the Plaintiff, by counsel, requests the Court enter judgment for the Plaintiffs and against said Defendants and award:

a. Actual and compensatory damages;

b. Punitive damages in an amount sufficient to deter Defendant from again engaging in the conduct described herein;

c. Reasonable attorney's fees;

d. Litigation costs and expenses; and

e. All other appropriate relief.

Date:   July 22, 2022        .                              **/s/  Carolyn E. Powers           .**
                                                            Carolyn E. Powers, #27590-49
                                                            Kinnard, Scott, Rowley, Powers
                                                            320 North Meridian Street, Ste. 406
                                                            Indianapolis, IN 46204
                                                            Telephone: 317-855-6282
                                                            E-Mail: powerslawindy@gmail.com

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues so triable.

**/s/  Carolyn E. Powers           .**
Carolyn E. Powers, #27590-49
Attorney for Plaintiff

6